James **WILLIAMS**, Jr., Plaintiff–Appellant,

v.

The **COUNTY OF WESTCHESTER,** Jeannine Pirro and Carl A. Vergari, Defendants–Appellees.

**Docket No. 98–7754.**

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1999.

Decided March 16, 1999.

Charles M. Powell, Jr., New York, New York (Powell & Associates, New York, New York, on the brief), for Plaintiff–Appellant.

Linda M. Trentacoste, Senior Assistant County Attorney, White Plains, New York (Alan D. Scheinkman, Westchester County Attorney, Stacey Dolgin–Kmetz, Chief Deputy County Attorney, White Plains, New York, on the brief), for Defendants–Appellees.

Before: KEARSE and SACK, Circuit Judges, and McAVOY, Chief Judge.*

PER CURIAM.

Plaintiff James Williams, Jr., an African–American who was a criminal investigator in the Westchester County District Attorney's Office for approximately 28 years, appeals from an order of the United States District Court for the Southern District of New York, following a jury trial before George A. Yanthis, *Magistrate Judge,* granting judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) to defendant County of Westchester (the "County") following a verdict in Williams's favor in the amount of $48,000 on his claim that he had been subjected to a hostile work environment on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1994) ("Title VII"). On appeal, Williams contends that, since the jury was properly instructed on the law, the district court's decision improperly nullified the jury's verdict. Finding no merit in his contention, we affirm.

Title VII affords employees the right to work in an environment free from discrimination on the basis of race. *See, e.g., Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 65–66, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). In order to recover on a claim of a racially hostile work environment in violation of Title VII, the plaintiff must establish that his workplace was permeated with instances of racially discriminatory conduct such as " 'discriminatory intimidation, ridicule, and insult,' " *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. at 65, 106 S.Ct. 2399), such that "the environment would reasonably be perceived, and is perceived, as hostile or abusive," *Harris v. Forklift Systems, Inc.,* 510 U.S. at 22, 114 S.Ct. 367; *see also Schwapp v. Town of Avon,* 118 F.3d 106, 110–11 (2d Cir.1997); *Torres v. Pisano,* 116 F.3d 625, 630–32 (2d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 563, 139 L.Ed.2d 404 (1997). Whether the environment may be considered sufficiently hostile or abusive to support such a claim is to be measured by the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance. *See Harris v. Forklift Systems, Inc.,* 510 U.S. at 23, 114 S.Ct. 367. In order to meet his burden, the plaintiff must show "more than a few isolated incidents of racial enmity,"

---

* Honorable Thomas J. McAvoy, of the United States District Court for the Northern District of New York, sitting by designation.

*Snell v. Suffolk County,* 782 F.2d 1094, 1103 (2d Cir.1986); "there must be a steady barrage of opprobrious racial comments," *Schwapp v. Town of Avon,* 118 F.3d at 110 (internal quotation marks omitted); evidence solely of "sporadic racial slurs" does not suffice, *id.* (internal quotation marks omitted).

▮ "Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor." *Galdieri–Ambrosini v. National Realty & Development Corp.,* 136 F.3d 276, 289 (2d Cir.1998); *see also Sir Speedy, Inc. v. L & P Graphics, Inc.,* 957 F.2d 1033, 1039 (2d Cir.1992); *Vasbinder v. Ambach,* 926 F.2d 1333, 1339 (2d Cir.1991). In ruling on a motion for judgment as a matter of law, the court may not itself weigh credibility or otherwise consider the weight of the evidence; rather, it must defer to the credibility assessments that may have been made by the jury and the reasonable factual inferences that may have been drawn by the jury. *See, e.g., Galdieri–Ambrosini v. National Realty & Development Corp.,* 136 F.3d at 289; *Vasbinder v. Ambach,* 926 F.2d at 1339–40. Thus, judgment as a matter of law should not be granted unless

> (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].

*Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers,* 34 F.3d 1148, 1154 (2d Cir.1994) (internal quotation marks omitted).

▮ In the present case, in a Memorandum and Order dated April 22, 1998 ("Decision"), the magistrate judge granted defendants' postverdict motion for judgment

as a matter of law on Williams's hostile work environment claim, stating as follows:

> Plaintiff contends the following trial evidence demonstrated that he was subjected to a racially hostile work environment: 1) plaintiff testified that he did not have a good feeling about his work environment, and that the atmosphere at the District Attorney's office was "not good" (Trial Tr. at 204–08); 2)[a] Hispanic criminal investigator in the office testified that he had a "gut, personal feeling" that he did not belong in the office, and that "an atmosphere of uneasiness existed" (Trial Tr. at 120); 3) plaintiff found a file containing racist material, including a memorandum entitled "Affirmative Action in Heaven", on top of a wall locker near his office (Trial Tr. at 201–02); and 4) plaintiff was consistently given menial tasks, was considered to be nothing more than a "driver" for the District Attorney, and was subjected to the behavior of some senior investigators who would throw the District Attorney's keys on [plaintiff's] desk and tell him to "go wash and gas the boss's car" (Trial Tr. at 207–08).

Decision at 4. The court noted that Williams had presented no evidence to show that the acts relating to the District Attorney's car were

> racially motivated. The proof at trial, for example, did not include the use of racial epithets or racially derogatory comments either directed at plaintiff or widely used in the workplace.

*Id.* at 5. As to the 1995 "Affirmative Action in Heaven" incident, the court noted Williams's testimony that in his 28–year tenure in the office prior to that incident Williams had never seen writings of a racially derogatory nature, and that there were no similar incidents thereafter. *See id.* at 7.

We agree with the magistrate judge that the testimony of Williams and his coworker describing generalized feelings of discomfort fell well short of the proof required to show a hostile work environment.

In his brief on this appeal, Williams does not point to any other evidence to support that claim. He contends that the jury could also have relied on his evidence that he was not promoted. But that contention is unpersuasive since Williams had also asserted a claim for racially discriminatory denial of promotion, on which the jury found against him. Given the legal principles discussed above, the evidence was insufficient as a matter of law to support a claim that Williams had been subjected to a racially hostile work environment. The ruling of the magistrate judge properly applied the law and did not invade the province of the jury.

 We also reject Williams's suggestion that the trial court could not properly set aside the jury's verdict either because the court had allowed the case to be submitted to the jury, or because at an earlier stage of the case the court had denied a motion by defendants for summary judgment. The denial of summary judgment is an interlocutory decision. All interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain. *See* Fed. R.Civ.P. 54(b); *Cullen v. Margiotta,* 811 F.2d 698, 708 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987), *overruled on other grounds, Agency Holding Corp. v. Malley–Duff & Associates, Inc.,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Further, the magistrate judge properly allowed the case to go to the jury despite his misgivings as to the sufficiency of the evidence to support an award in favor of Williams. This Court has repeatedly advised that when the trial judge has such doubts, it is preferable, in the interest of judicial efficiency, for the judge to refrain from granting a directed verdict and to allow the matter to be decided, at least in the first instance, by the jury. *See, e.g., Vasbinder v. Ambach,* 926 F.2d at 1344; *Konik v. Champlain Valley Physicians Hospital Medical Center,* 733 F.2d 1007, 1013 n. 4 (2d Cir.), *cert. denied,*

469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984); *Mattivi v. South African Marine Corp., "Huguenot",* 618 F.2d 163, 166 & n. 2 (2d Cir.1980). Thereafter, if the court believes the jury has reached an irrational verdict, the court may grant judgment as a matter of law; and if that ruling is reversed on appeal, the case may be efficiently concluded by reinstatement of the jury's verdict, without the need to hold an entire new trial. The magistrate judge properly followed this procedure in the present case.

We have considered all of Williams's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.