**William R. LEE, Plaintiff–Appellant,**

v.

**Charles A. GLESSING and Palatine Nursing Home, Defendants–Appellees.**

**Docket No. 01–9279.**

United States Court of Appeals, Second Circuit.

Nov. 6, 2002.

**32**

Lewis B. Oliver, Jr., Albany, NY, for Appellant.

Terry J. Kirwan, Jr., Primo, Primo & Kirwan, LLP, Liverpool, NY, for Appellee.

Present McLAUGHLIN and POOLER, Circuit Judges, and JONES, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED**.

William R. Lee appeals from a judgment dismissing his complaint as a matter of law at the close of his proof.

Lee furnished physical therapy services to patients at the Palatine Nursing Home ("Palatine") between May 17, 1995, and February 7, 1997, when Palatine notified Lee that it was terminating its contract with him. In his complaint, Lee alleges that he was Palatine's employee and that Palatine created a sexually hostile environment for his work and discharged him on the basis of his gender or his perceived disability or in retaliation for his protected complaints. United States Senior District Court Judge Howard G. Munson granted defendants' motion for judgment as a matter of law, finding that Lee was not Palatine's employee and, even assuming that he was an employee, he could prevail on any of his claims.

On appeal, Lee contends that a reasonable jury could have found that he was an employee, that he endured a hostile environment, and that he was terminated based on his gender. Lee also makes two procedural arguments: the district court

erred by granting judgment as a matter of law after denying defendants' earlier motion for summary judgment, which raised the same issues, and the court should not have granted the Rule 50(a) motion before defendants presented their proof.

■ Lee's procedural arguments approach frivolousness. "The denial of summary judgment is an interlocutory decision [, which] remain[s] subject to modification or adjustment prior to the entry of a final judgment." *Williams v. County of Westchester*, 171 F.3d 98, 102 (2d Cir.1999). Thus, the district court's earlier denial of summary judgment did not preclude it from granting the Rule 50(a) motion. And, although we have advised district court judges to defer decision on a motion for judgment as a matter of law *if* they have doubts about the sufficiency of evidence, the district court judge here had no such doubt and committed no error. *Id.*

■ Title VII and New York's Human Rights Law cover only employees. *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir.2000). We review de novo the district court's conclusion that Lee worked as an independent contractor and not as an employee. *Id.* at 115. Whether a worker is an employee or an independent contractor rests on many factors including most prominently whether "the purported employer controls or has the right to control both the result to be accomplished and the manner and means by which the purported employee brings about that result." *Id.* at 114 (internal quotation marks omitted). Workers with a high level of skill such as "architects, photographers, graphic artists, drafters, and ... computer programmers" are more likely to be independent contractors than are low-skilled employees like laborers. *Aymes v. Bonelli*, 980 F.2d 857, 862 (2d

---

* Honorable Barbara S. Jones, United States District Court Judge for the Southern District of New York, sitting by designation.

Cir.1992). Less important factors include the worker's tax and benefit status. *Eisenberg*, 237 F.3d at 115–17.

We agree with the district court that Lee was not an employee and briefly summarize the evidence that demonstrates Lee worked as an independent contractor.

First, Lee testified that he named the hourly rate at which he was willing to provide services to Palatine. Lee also performed physical therapy services for three school districts while he was working for Palatine. He billed each of these institutions on a form bearing his name, title, address, and phone number. Lee received no benefits, and taxes were not deducted from the sums sent to him by Palatine in response to his bills. Each of these facts is consistent with Lee's view of himself as a professional building a practice. *See* TT at 378 ("After being fired from Palatine, I didn't have enough work to keep me busy locally. I had been building a good local practice with the hours increasing.").

Most important, Lee had a high degree of skill as evidenced by his completion of an approved undergraduate physical therapy curriculum, licensure as a physical therapist, long history of work in the field, and completion of post-graduate courses. These skills allowed Lee to meet the physical therapy needs of Palatine's patients without supervision from a physical therapist employed by Palatine. Moreover, Lee conceded that although a patient's physician determined whether he or she would have physical therapy, Lee "was responsible for how [therapy aides] treated the patients and what form the treatment took, if it was adequate and safe." TT at 183. Consistent with his status as a professional, Lee had the freedom to provide physical therapy services at any point during the day and chose the morning hours because they were practical.

Lee's skill; his billing practices; his concession that he was building a practice in the area; the high degree of autonomy he had in providing physical therapy services at Palatine; the lack of benefits paid to him; and his tax status combine to demonstrate, as a matter of law, that he functioned as an independent contractor. This showing is not overcome by Lee's provision of services on Palatine's premises, use of Palatine's equipment, or obligation to treat all patients for whom therapy was prescribed.

Because we conclude that the district court correctly found Lee to be an independent contractor, we do not reach the adequacy of Lee's proof on his hostile environment and wrongful termination claims.