**Evelyne BENSON Appellant,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Appellee.**

**No. 04–3462–CV.**

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

Evelyne Benson, Amityville, New York, for Appellant, pro se.

Susan Paulson, Assistant Corporation Counsel, The City of New York Law Department (Michael A. Cardozo, Corporation Counsel, on the brief), New York, New York, for Appellee.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Rosemary S. POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Evelyne Benson, *pro se,* appeals from a judgment entered in the United States District Court for the Eastern District of New York (Garaufis, *J.*), granting defendant's motion for summary judgment and dismissing all of her claims. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, this Court is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R.Civ.P.

(1) Benson has failed to make out a *prima facie* case of retaliation. She has adduced no admissible evidence to demonstrate temporal proximity between her October 1997 letter to Sachoy and either her July 1998 transfer or July 2000 assault charges and any adverse employment opportunity. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001); *Distasio v.*

*Perkin Elmer Corp.,* 157 F.3d 55, 66 (2d Cir.1998).

(2) Benson offered insufficient evidence of a hostile work environment. The two specific comments of a racial or religious cast constitute "mere offensive utterances" and do not offer a basis from which it can be said that Benson was working in an objectively hostile or abusive environment. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Williams v. County of Westchester,* 171 F.3d 98, 100–01 (2d Cir.1999) *(per curiam)* (noting that, in order to meet the burden of establishing a hostile work environment, plaintiff must show "more than a few isolated incidents of racial enmity").

(3) As to her claim under the Equal Pay Act, 29 U.S.C. § 206(d)(1), Benson failed to offer any evidence that she had been paid less than men performing the same job. *See Ryduchowski v. Port Authority of New York and New Jersey,* 203 F.3d 135, 142 (2d Cir.2000).

(4) Benson waived any argument concerning supplemental jurisdiction over her state law claims. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Finally, the Court has considered Benson's remaining arguments and finds them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**