08-3010-cv, 09-1789-cv
*La Grande v. DeCrescente Distributing Co., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:

> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH
> *Circuit Judges,*[*]

---

QUENTIN LA GRANDE,
> *Plaintiff-Appellant*,

   -v.-                        Nos. 08-3010-cv, 09-1789-cv
                                           Summary Order

DECRESCENTE DISTRIBUTING CO., INC.,
> *Defendant-Appellee*,

---

> Quentin La Grande, *pro se*, Albany, NY, *for Plaintiff-Appellant*.
>
> Christopher P. Langlois; Girvin & Ferlazzo, P.C., Albany, NY, *for Defendant-Appellee*.

---

[*]The Honorable Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter. *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with this order.

In the case filed under docket number 08-3010-cv, Plaintiff-Appellant Quentin La Grande, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) entered on June 9, 2008, granting the motion of his former employer, Defendant-Appellee DeCrescente Distributing Company ("DeCrescente Company"), to dismiss his employment discrimination complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). La Grande alleged that his employer violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Under docket number 09-1789-cv, La Grande appeals separately from a judgment entered on March 30, 2009, denying his motion for reconsideration and awarding attorneys' fees to DeCrescente Company. We hereby consolidate the two appeals for the purposes of disposition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Standard for Motion to Dismiss

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft,*

589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). However, even post-*Twombly*, we "remain obligated" to construe *pro se* complaints liberally. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

It is unclear whether the district court consistently applied the correct standard in assessing the sufficiency of La Grande's complaint. While at times the court indicated that it was treating La Grande's allegations as true and drawing all reasonable inferences from them, *see La Grande v. DeCrescente Distrib. Co., Inc.*, No. 06-cv-467, 2008 WL 2385799, at *4 (N.D.N.Y. June 9, 2008), the court also indicated that pursuant to its interpretation of the Northern District's Local Rule 7.1(b)(3), where a plaintiff fails to oppose a motion to dismiss, "the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be facially meritorious," *id.* at *3 (internal quotation marks omitted). The court also emphasized that it had warned La Grande that his failure to respond to the Defendant's motion to dismiss could result in the dismissal of his complaint. *Id.*

While the district court in this case did not simply enter default judgment in favor of DeCrescente Company, and proceeded to address the merits of the motion to dismiss, its suggestion that it could have dismissed the complaint on the basis of default was incorrect. In a previous case involving this same local rule, we explained that a failure to respond to a Rule 12(b)(6) motion cannot constitute default justifying dismissal of the complaint. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) (explaining that the sufficiency of a complaint is a matter of law that the district court "is capable of determining based on its own reading of the pleading and knowledge of the law," and that, if a complaint is sufficient to state a claim on which relief can be granted, "the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal").

In any event, our independent assessment of La Grande's complaint indicates that the district court erred in dismissing several of his claims. We turn to those now.

**II.      Hostile Work Environment Claims**

"To state a hostile work environment claim in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) 'is objectively severe or pervasive, that is, . . . the conduct creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's sex,'" *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (per curiam) (quoting *Gregory v. Daly*, 243 F.3d 687, 691-92 (2d Cir. 2001)), or because of another characteristic protected by Title VII. *See Gregory*, 243 F.3d at 692 (indicating that any characteristic protected by Title VII is sufficient to satisfy the third element). "For liability to attach, the employer must also be responsible for the conduct at issue." *Id.* at 692 n.3.

**A.      Sex-Based Hostile Work Environment Claim**

We have explained that "it is 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of [his] sex." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)). La Grande's district manager's alleged sexual comments about women cannot plausibly be construed as creating a hostile environment based on La Grande's gender. While La Grande may have been offended by the allegedly vulgar remarks, "Title VII does not establish a 'general civility code' for the American workplace." *Petrosino v. Bell Atl.*, 385 F.3d 210, 223 (2d Cir. 2004) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)). We therefore affirm the district court's conclusion that La Grande failed to state a sex-based hostile work environment claim.

4

## B. Race-Based Hostile Work Environment Claim

Ordinarily, a race-based hostile work environment claim must involve "more than a few isolated incidents of racial enmity." *Williams v. County of Westchester*, 171 F.3d 98, 100-01 (2d Cir. 1999) (per curiam) (quoting *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2d Cir. 1986)). However, "[t]he fact that the law requires harassment to be severe or pervasive before it can be actionable does not mean that employers are free from liability in all but the most egregious of cases." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 70 (2d Cir. 2000) (quoting *Torres v. Pisano*, 116 F.3d 625, 631 (2d Cir. 1997)). "[P]erhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as 'nigger' by a supervisor in the presence of his subordinates." *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993) (internal quotation marks and citation omitted), *quoted in Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 571 (2d Cir. 2000).

More recently, we have held in the summary judgment context that, where the evidence supporting a plaintiff's hostile work environment claim reflected two sets of derogatory racial comments by two different people in a work environment over a multi-year period, the district court, in assessing the frequency of such remarks, should have discounted from its analysis the intervening two-year period between comments by one supervisor and comments by another. *See Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 83-84 (2d Cir. 2009). In *Aulicino*, we explained that a realistic picture of the hostile workplace alleged by the employee was not obtained by focusing on a two-year stretch of time in which he failed to allege acts of hostility and using that time to dilute the strength of his claims based on two discrete periods of more intense harassment. *Id.* at 84. We also emphasized that the severity of such comments must be considered in the light most favorable to the plaintiff, and further explained that comments that "may be inferred to be physical threats"

5

may be sufficiently severe to preclude summary judgment. *Id.* at 85.

Here, La Grande alleged that in November 2003 one of his co-workers "made racial comments about black men being lazy, and about black men using white females to take care of them." Amended Compl. ¶ 1 (internal quotation marks omitted). When La Grande complained about these comments to his employer's human resources department, he was allegedly threatened with termination, told that his complaint was not "sufficient," and his workload was then doubled. Further, on four dates in early July 2004, La Grande alleged that a company manager physically threatened him and called him a "nigger," making it "mentally[] and physically impossible" for him to work. *Id.* at ¶11. Based on these allegations, La Grande has stated a plausible race-based hostile work environment claim sufficient to survive dismissal. In light of *Aulicino*, the district court erred by focusing on the fact that the comments "involved two different people" and "were separated by more than seven months." *La Grande*, 2008 WL 2385799, at *5. We therefore vacate the district court's decision and remand the case with respect to La Grande's race-based hostile work environment claim.

### III.  Disparate Treatment Claim

Title VII makes it unlawful for an employer, *inter alia*: "to discriminate against any individual because of his race . . . in admission to, or employment in, any program established to provide apprenticeship or other training." 42 U.S.C. § 2000e-2(d). To prevail on a Title VII disparate treatment claim, a plaintiff must ultimately prove that "(1) he is a member of a protected class; (2) he is competent to perform the job or is performing his duties satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005). Everyday workplace

grievances, disappointments, and setbacks do not constitute adverse employment actions within the meaning of Title VII. *See Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). Instead, an actionable adverse employment action is "a materially significant disadvantage with respect to the terms of [plaintiff's] employment." *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir. 2004) (internal quotation marks omitted), such as "termination of employment, a demotion . . . , a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation," *Galabya*, 202 F.3d at 640 (internal quotation marks and citation omitted). At the pleading stage, a plaintiff need not establish a prima facie case satisfying the required elements of disparate treatment, but only sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008).

The district court incorrectly found that La Grande had not alleged an adverse employment action. La Grande's complaint stated that his employer provided merchandising training for only the white workers and that he was not allowed to attend the training even though it was "part of the job." *See* Amended Compl. ¶ 6. Training is a benefit of employment that receives protection under Title VII. See 42 U.S.C. § 2000e-2(d); *see also Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 76-79 (2d Cir. 2001) (concluding that summary judgment was improperly granted to defendant on plaintiff's failure-to-train claim under the Age Discrimination in Employment Act). Further, liberally construing the complaint, it is plausible that the DeCrescente Company's alleged action was a materially significant disadvantage with respect to the terms of La Grande's employment, particularly if the training was "part of the job" and barring him from the training diminished his material responsibilities or opportunities. *See Galabya*, 202 F.3d at 640. Thus, we vacate the district court's decision and remand the case with respect to La Grande's disparate treatment claim.

7

## IV.     Retaliation Claims

Title VII also provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any . . . employee[] . . . because [the employee] has opposed any practice made an unlawful employment practice by" Title VII.  42 U.S.C. § 2000e-3(a).  "To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that:  (1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there existed a causal connection between the protected activity and the adverse action."  *Patane*, 508 F.3d at 115 (citing *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)).  It is well-established that a "plaintiff may prevail on a claim for retaliation even when the underlying conduct complained of was not in fact unlawful so long as he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law."  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (internal quotation marks omitted).  The law protects employees in the filing of formal charges of discrimination as well as in the making of informal protests of discrimination, including complaints to management.  *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990).  Here, although (as the district court pointed out) La Grande may not predicate a retaliation claim on his complaints that he himself was discriminated against on the basis of sex, since there was no reasonable basis for such complaints, La Grande has sufficiently alleged that, in response to his complaints about the sexual harassment of a female customer and about a co-worker's racial remarks, he was threatened with termination and given a higher work load.

La Grande's complaint alleged that, in response to his internal complaints about a co-worker's racial remarks, a human resources assistant threatened to terminate his employment and had his work load doubled.  *See* Amended Compl. ¶ 1.  As the Supreme Court has explained, any

action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination" may constitute retaliation. *Burlington N.*, 548 U.S. at 57. The district court erred in concluding that La Grande had no plausible retaliation claim because he could not have reasonably believed that "two isolated incidents of race-based comments, occurring more than seven months apart, could constitute misconduct that was severe or pervasive." *La Grande*, 2008 WL 2385799, at *6. The test for whether someone has "a good faith, reasonable belief" that the underlying complained of conduct violated the law does not turn on whether the conduct was ultimately "severe or pervasive" enough to constitute a violation of Title VII. *See Treglia*, 313 F.3d at 719. The district court also erred in dismissing La Grande's retaliation claims on the basis of sex discrimination. Even though La Grande does not state a sex-based hostile work environment claim under Title VII, he may prevail on a claim for retaliation if he can establish that he possessed a good faith, reasonable belief that he was complaining about unlawful actions to his employer. *Treglia*, 313 F.3d at 719; *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 374-75 (E.D.N.Y. 2009) (permitting a non-disabled professor who complained of discrimination against disabled students to assert a claim for retaliation). Thus, we vacate the district court's decision and remand the case with respect to these retaliation claims.

**V.      Treatment of *Pro Se* Pleadings**

As the Supreme Court has emphasized, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Although there is "nothing wrong with the suggestion that, as a matter of 'best practices' or general guidance offered

9

to all *pro se* litigants, plaintiffs should be asked to organize their complaints along [certain] lines . . . a threat to dismiss the action for failure to comply with these requirements is another matter." *Id.* at 192; *see also id.* ("[A] complaint need not contain detailed factual allegations—such as the dates of misconduct and the names of 'each and every individual' involved in the misconduct that the District Court required plaintiff to provide in the amended complaint. There was no basis for the imposition of such mandatory guidelines."). Here, the district court erred by suggesting that La Grande would face dismissal if he failed to provide, *inter alia*, "the dates, times and places of the alleged wrongful acts[] and the individual(s) who committed each alleged wrongful act." Order, *La Grande v. DeCrescente Distrib. Co., Inc.*, No. 06-cv-467 (N.D.N.Y. June 19, 2006).

"Equally inappropriate . . . was the Magistrate Judge's decision to 'reject and return' [La Grande's *pro se*] submissions." *Sealed Plaintiff*, 537 F.3d at 192. While a district court has considerable discretion in managing its docket and the submission of filings, this Court cannot clearly discern the contents of La Grande's submissions because they were not made part of the record. *Id.* ("Hence an additional flaw of the 'reject and return' policy adopted by the Magistrate Judge is that a reviewing court has no ability to determine what relief the *pro se* litigant sought from the district court and therefore is unable to determine whether the matter was resolved properly. The better course is for *pro se* submissions to be docketed and filed so that they appear in the record of the case."). With respect to La Grande's March 2007 letter motion, it is not clear whether he was trying to assert a supplemental state law claim, amend his pleadings, merely bring to the district court's attention that he had filed a complaint in state court, or, if liberally construed, assert something that might have constituted a response to the Defendant's motion to dismiss. It is also not clear why his purported "second amended complaint" was stricken from the record, other than the magistrate judge's comment that it appeared to be a document La Grande had already filed in

state court. With respect to La Grande's April 2007 letter motion, it seems that he sought a stay based on the magistrate judge's document rejection order, but the document is unavailable for our review.

**VI.  Award of Attorneys' Fees**

After the dismissal of his complaint, La Grande moved for reconsideration and DeCrescente cross-moved for an award of attorneys' fees as the prevailing party under 42 U.S.C. § 2000e-5(k). The district court denied the motion for reconsideration and awarded DeCrescente $5,533.50 in fees, citing La Grande's continued litigation of an action that "lacked any arguable basis in fact or law." *La Grande v. DeCrescente Distrib. Co., Inc.*, No. 06-cv-467, 2009 WL 890584, at *6 (N.D.N.Y. Mar. 30, 2009). La Grande appealed that order under docket number 09-1789-cv. That appeal was initially dismissed for failure to pay a filing fee, but was reinstate when La Grande informed the Court that the district court had granted him *in forma pauperis* status. The appeal was then dismissed again when La Grande failed to comply with a scheduling order by filing a timely brief. After reviewing the merits of the appeal in 08-3010-cv, we held the mandate in 09-1789-cv.

The award of attorneys' fees to DeCrescente based on the frivolity of La Grande's complaint cannot survive our holding that most of the claims in that complaint in fact state valid claims for relief. Accordingly, we vacate our prior order dismissing the appeal in 09-1789-cv, consolidate the two appeals, vacate the district court's order denying reconsideration and granting attorneys' fees to DeCrescente, and remand for reconsideration by the district court in light of this order.

For the foregoing reasons, the judgments of the district court are hereby AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

11