12-3755-cv
*Albert-Roberts v. GGG Construction, LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand and thirteen.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VERONICA ALBERT-ROBERTS,

        *Plaintiff-Appellant,*


        -v.-                                        No. 12-3755-cv

GGG CONSTRUCTION, LLC, GORDON DRUCKER, EILEEN MCFADDEN,

        *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          Joseph A. Gawlowicz, Brown & Hutchinson, Rochester, NY.

**FOR APPELLEE:**                     Scott M. Green, Rochester, NY.


Appeal from the judgment, entered August 17, 2012, of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 17, 2012, judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Veronica Albert-Roberts appeals from a judgment of the District Court granting summary judgment and dismissing her complaint in its entirety. She brought claims of employment discrimination under 42 U.S.C. § 1981 and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*[1] Specifically, she alleged race-based discrimination in the form of a hostile work environment and retaliation. By order dated August 16, 2012, the District Court granted summary judgment for defendants-appellees GGG Construction, LLC, Gordon Drucker, and Eileen McFadden (collectively, "GGG"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, which we reference only as necessary to explain our decision to affirm.

We review an order granting summary judgment *de novo*, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56.

## A. Hostile Work Environment

To state a claim for a hostile work environment under section 1981,[2] a plaintiff must show that the complained-of conduct: (1) is objectively severe or pervasive; (2) creates an environment that the plaintiff herself subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's race. *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007); *see also Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 724 (2d Cir. 2010). Conduct alleged to have created a hostile work environment "must be more than episodic; [it] must be sufficiently continuous and concerted in order to be deemed pervasive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted).

Albert-Roberts's allegations consist of several incidents involving defendant McFadden (a co-worker), the most severe of which is a single use by McFadden of the word "nigger" to plaintiff's husband in September 2009. (Albert-Roberts was not present for the incident.) The others involve occasionally moving cleaning supplies to make it difficult for plaintiff to do her job and implying that plaintiff was stealing cleaning supplies. In considering a motion for summary judgment, the district court properly required Albert-Roberts to adduce admissible evidence

---

[1] Albert-Roberts also originally brought claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The District Court granted summary judgment to defendants as to these claims, and plaintiff does not appeal their dismissal.

[2] Because the applicable legal standards are essentially the same, *see Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004), we need not discuss the federal and state claims separately.

showing that her workplace was so "permeated with discriminatory intimidation, ridicule, and insult . . . [as] to alter the conditions of [her] employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). Absent such a showing, it correctly concluded that plaintiff had not made out a *prima facie* case of a hostile work environment, because her allegations do not rise to the level of frequency or severity necessary to establish such a claim.

Relying on our unpublished summary order in *La Grande v. DeCrescente Distributing Co.*, 370 F. App'x 206, 210 (2d Cir. 2010), plaintiff argues that the single use of the word "nigger" is so severe as to make out a *prima facie* case and survive summary judgment. Although ordinarily a race-based hostile work environment claim must involve "more than a few isolated incidents of racial enmity," *Williams v. Cnty. of Westchester*, 171 F.3d 98, 100 (2d Cir. 1999) (internal quotation marks omitted), "a hostile work environment can also be established through evidence of a single incident of harassment that is extraordinarily severe," *Fincher*, 604 F.3d at 724 (internal quotation marks omitted). That is not the case here. In *La Grande*, we found that allegations of four instances of a company manager calling the plaintiff a "nigger," coupled with threats of physical violence and other racial slurs, were sufficient to survive a motion to dismiss. 370 F. App'x at 210–11. Albert-Roberts's allegations do not rise to that level and, even viewing all facts in the light most favorable to her, cannot sustain a hostile work environment claim. There may well exist circumstances where a single use of the word "nigger" would rise to the level of a hostile work environment, but on the facts present here, this is not such a case. The District Court was correct to grant summary judgment in defendants' favor.

## B. Retaliation

We analyze § 1981 retaliation claims under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Fincher*, 604 F.3d at 720.

Albert-Roberts complained to her supervisor, defendant Drucker, of McFadden's use of the word "nigger" in late September 2009. She then filed an EEOC complaint, signed October 19, 2009. She was terminated on October 20, 2009.[3] For the purposes of summary judgment, the parties and the District Court assumed that Albert-Roberts had made out a *prima facie* case under *McDonnell-Douglas*'s burden-shifting framework. In response, defendants put forward a legitimate, nondiscriminatory reason for her termination—namely, that GGG had already decided to outsource the building's cleaning services. Albert-Roberts contends this was a pretext.

The District Court was correct to dismiss plaintiff's retaliation claims, because her arguments of pretext are belied by the record. Drucker testified at his deposition that he had decided to "outsource" the cleaning "months before," and produced proposals from different

---

[3] The record is contradictory as to whether Albert-Roberts was terminated on October 20 or October 21, 2009. Viewing the facts in the light most favorable to the plaintiff, we assume it was October 20, but the precise date does not affect our conclusion.

outsourcing companies.  Although he had initially anticipated hiring a new cleaning service beginning in January 2010, he chose to outsource earlier after Albert-Roberts was in a car accident on October 19, 2009, and was unable to work.  Drucker outsourced the cleaning staff—and terminated plaintiff—the next day.  Albert-Roberts has offered nothing aside from her own conclusory affidavit to rebut this testimony.  In fact, in her EEOC complaint, she acknowledged the planned outsourcing:  "[I]t has been shown that the cleaning crew will be replace[d] with an outsource company.  The potential bidders came for a visit two times."

Having reviewed the record, we agree with the District Court that Albert-Roberts has not rebutted defendants' legitimate, nondiscriminatory reason for her termination.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal.  For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered August 17, 2012.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4