17-2538
*Akinde v. NYC Health & Hosp. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of September, two thousand eighteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OLUDOTUN AKINDE,

                    *Plaintiff-Appellant*,

           v.                                      17-2538

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, C/O HARLEM HOSPITAL
CENTER, SHARI SINGLETON, LABOR
RELATIONS,

                    *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:            Oludotun Akinde, *pro se*, Mount
                                    Vernon, New York.

FOR DEFENDANTS-APPELLEES:     Fay S. Ng, Qian Julie Wang, Assistant
                              Corporation Counsels, *for* Zachary W. Carter,
                              Corporation Counsel of the City of New York,
                              New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

In this case, plaintiff-appellant Oludotun Akinde, proceeding *pro se,* filed a lawsuit against defendants-appellees, the New York City Health and Hospitals Corporation ("HHC"), and Shari Singleton, an employee in HHC's labor relations department (together, "defendants"), after he was placed on involuntary leave from his job without pay. In his complaint, Akinde (1) challenged HHC's decision to place him on leave, which occurred after he reported to management that coworkers had showed up to his house to intimidate him because he filed a state discrimination lawsuit against HHC, and (2) sought an order compelling defendants to provide him with a hearing, reinstate him, and pay his salary while he was on leave. The district court dismissed the complaint for lack of subject matter jurisdiction, reasoning that the complaint had become moot after Akinde received the due process hearing that he had requested in

2

his complaint.  This appeal followed.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When a district court has dismissed a complaint for lack of subject matter jurisdiction, we review its factual findings for clear error and its legal conclusions de novo.  *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).  An action can become moot if "an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Cty. of Westchester v. U.S. Dep't of Hous. & Urban Dev.*, 778 F.3d 412, 416 (2d Cir. 2015) (internal quotation marks omitted).

Insofar as Akinde sought a hearing and reinstatement of his job, the district court correctly determined that his complaint became moot after he received a hearing that denied him reinstatement.  Less clear, however, is whether Akinde's complaint also sought monetary damages in the form of lost wages from the time he was placed on medical leave until he received a hearing.  The district court appears not to have considered whether such a claim survives a mootness challenge, notwithstanding Akinde's receipt of a hearing.  *See Cty. of Westchester*, 778 F.3d at 416. To that extent, we vacate the judgment of dismissal and remand for further consideration of such a damages claim.

Defendants urge us to affirm on the alternative ground that Akinde's complaint failed to state a plausible claim for relief.  Although we have discretion to

3

affirm on any ground supported by the record, *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000), we decline to decide that question in the first instance, and remand to the district court to consider Defendants' alternative arguments. *See Absolute Activist Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) (declining to address alternate grounds for dismissal of a complaint where district court did not consider the arguments in the first instance).

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court