18-868-cv
*Verdier v. Thalle Constr. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand nineteen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

DANIEL VERDIER,

> *Plaintiff-Appellant*,

v.                                                                                   18-868-cv

THALLE CONSTRUCTION COMPANY, INC.,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | BROOKE D. YOUNGWIRTH, Corbally, Gartland & Rappleyea, LLP, Poughkeepsie, NY. |
| For Defendant-Appellee: | RICHARD H. WYNN, Tully Construction Co., Inc., Flushing, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*; Smith, *M.J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Daniel Verdier ("Verdier") appeals from orders of the United States District Court for the Southern District of New York granting in part and denying in part his motion to amend and for summary judgment, and granting him only limited legal fees and costs while denying his request for pre-judgment interest. *See* Opinion & Order, No. 14-4436 (S.D.N.Y. Jan. 5, 2017), ECF No. 44; *see also* Order Reviewing Report and Recommendation, No. 14-4436 (S.D.N.Y. Mar. 1, 2018), ECF No. 62. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## ERISA Claim

First, Verdier argues that the district court erred when it granted his motion for summary judgment on his claim under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, but found him entitled only to a pro-rated portion of his benefits. Under the federal rules, summary judgment is proper if the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting Fed R. Civ. P. 56(a)). We review the grant of a motion for summary judgment *de novo*. *See Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002). In reviewing a district court decision, this Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990)).

"Interpretation of the terms of an ERISA pension plan is governed by the 'federal common law of rights and obligations under ERISA-regulated plans.'" *Aramony v. United Way*

2

*of Am.*, 254 F.3d 403, 411 (2d Cir. 2001) (internal citation omitted). Nevertheless, we "enforce unambiguous language in an ERISA plan according to its plain meaning." *Id.* at 412 (internal quotation marks omitted). "Language is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Id.* (internal quotation marks omitted). We review *de novo* a district court's conclusion that a plan is or is not ambiguous, and a finding of (un)ambiguity should be made by reference to the agreement only, and not to any external evidence. *See id.*

This claim revolves around interpretation of a deferred compensation agreement between Verdier and Defendant-Appellee Thalle Construction Company, Inc. ("Thalle"), dated March 9, 1984. Paragraph 1 of the agreement provides that Verdier is entitled to deferred compensation of $202,800 following his "normal retirement date," defined as "the last day of the month in which the 65th anniversary date of Employee's birth occurs." J.A. 38-39. However, a separate provision of the agreement provides that employees who leave Thalle's employment prior to retirement age—like Verdier did—"shall be entitled to benefits as defined in Exhibit B." *Id.* at 43. According to Exhibit B, an employee who leaves Thalle prior to retirement age (other than for death or disability) is entitled under the agreement only to a certain "non-forfeitable percentage" of his benefits, calculated based on his total years of service with Thalle. *Id.* at 49. However, the agreement also provides that "[n]otwithstanding th[at] provision[,] . . . the Employee shall be entitled to a 100% non-forfeitable interest in his retirement benefit as indicated in Paragraph 1 when he attains his normal retirement date." *Id.*

We agree with the district court that the agreement is unambiguous, but conclude that Verdier's reading of the agreement fails for slightly different reasons. Verdier's

3

reading—which requires payment of full benefits to former employees at retirement age regardless of their years of service—effectively reads out the agreement's stated purpose "to reward *and retain* the services" of employees like Verdier. J.A. 38 (emphasis added). The district court's reading, however, essentially renders the second paragraph of Exhibit B superfluous, given that it would only reiterate that an employee is entitled to 100% of what the previous paragraph already provided he "shall be entitled to." *See* Special Appendix ("SPA") at 11 (concluding that the second paragraph of Exhibit B of the agreement unambiguously means that "'100% non-forfeitable interest in [Plaintiff's] retirement benefit,' . . . refers not to Plaintiff's full benefit amount, but to Plaintiff's claim to a benefit under the Agreement," as limited by the non-forfeitable percentage table).

Instead, we conclude that the unambiguous language of the second paragraph simply clarifies that employees who reach the age of 65 while employed by Thalle are entitled to their full retirement benefits without regard to the percentage table in Exhibit B. Our reading gives effect to both paragraphs of Exhibit B, while avoiding the illogical reading proposed by Verdier, *i.e.* that all employees are entitled to the same retirement benefit regardless of how long they worked at Thalle, so long as they wait until 65 to claim it.[1] Under this proper reading of the agreement, the second paragraph of Exhibit B does not apply to Verdier and we thus come to the same result as Thalle and the district court, which is that Verdier is entitled to 42.5% of his retirement benefit under the agreement, or $123,202. Because we rest our decision on a

---

[1] Our reading may not ameliorate the problem that Exhibit B's non-forfeitable percentage table requires an employee to work longer at a company in order to receive fully vested benefits than ERISA's minimum vesting requirements would otherwise allow. *See* Pl.-App.'s Brief at 20-23; *see also* 29 U.S.C. § 1053(a). However, as Verdier raises this argument for the first time on appeal, we decline to address it. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).

4

different reading of the agreement than the district court, we need not address Verdier's other arguments regarding whether the agreement should properly have been considered ambiguous, or whether the district court inappropriately considered Thalle's extrinsic evidence or willfully overlooked Verdier's own evidence of intent when construing the agreement. *See Int'l Klafter Co. v. Cont'l Cas. Co.*, 869 F.2d 96, 100 (2d Cir. 1989) ("Since the language of the contracts is unambiguous, there is no need here to examine the conduct of the parties over the intervening years to ascertain their intent." (internal quotation marks omitted)).

**Motion to Amend**

Next, Verdier argues that the district court erred when it denied his motion to amend his complaint to add a claim for punitive damages. While under the federal rules "leave to amend 'shall be freely given,'" a district court may nevertheless deny such a request in consideration of "undue delay, bad faith, futility of the amendment, and perhaps most important[ly], the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (quoting Fed. R. Civ. P. 15(a)). While "[w]e ordinarily review a district court's denial of a motion to amend the pleadings for abuse of discretion[,] . . . if the denial of leave to amend is based upon a legal interpretation we review it de novo." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (internal quotation marks and citations omitted).

As the district court noted, the one case Verdier cites in support of his motion to amend actually refused to enter punitive damages under ERISA. *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992). Moreover, a subsequent case by this Court noted that "[c]lassic compensatory and punitive damages are never included within 'other appropriate equitable relief.'" *Gerosa v. Savasta & Co.*, 329 F.3d 317, 321 (2d Cir. 2003)

5

(quoting 29 U.S.C. § 1132(a)(3)); *see also Lee v. Burkhart*, 991 F.2d 1004, 1011 (2d Cir. 1993) (noting that "[m]oney damages are generally unavailable under" § 1132(a)(3)). Given the clear case law on the subject, we conclude that the district court did not err in refusing to allow Verdier to amend his complaint to add a claim for punitive damages.

**Fees, Costs, and Prejudgment Interest**

Lastly, Verdier also appeals the district court's fee order, which cut his requested fees by 20%, refused to award fees for work done on his behalf in the 1990s (with the exception of one bill for a conference call), and denied prejudgment interest on the fee award. "We review the district court's decision to grant or deny attorney's fees for abuse of discretion." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (internal footnotes omitted). As with awards for attorneys' fees, we review a decision to award (or not to award) prejudgment interest for abuse of discretion. *See Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 833-34 (2d Cir. 1992).

Verdier takes issue primarily with the district court's decision to reduce his requested fee award based on his level of success achieved, and also attempts to argue that it was inappropriate for the district court to make an across-the-board cut (as opposed to an itemized one, presumably), asserting that "[a] court may only apply an across-the-board reduction to effectuate the reasonable imposition of fees." Pl.-App.'s Brief at 25-26. Given that we affirm the district

6

court's conclusion that Verdier is entitled to no more than $123,202 under his agreement with Thalle, we agree that Verdier achieved only limited success. Furthermore, it is perfectly appropriate for a district court to make across-the-board, rather than itemized, cuts. *See Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983) ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

We also disagree that it was an abuse of discretion for the district court to decline to award fees for legal work allegedly done on behalf of Verdier in the 1990s when he sent several letters to Thalle regarding his benefits. As the district court noted, Verdier's "mere conclusory statements lack specificity with regard to what tasks, if any, were performed, the dates the services were performed, and the amount of time allotted to the task(s), and are thus insufficient." SPA 40. A review of the invoices provided reveals that, with the exception of the phone call for which the district court awarded fees, there is no description of what services were rendered. Fees recoverable under ERISA are limited only to those "in relation to a suit filed in a court of competent jurisdiction." *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 121 (2d Cir. 2002). The district court thus did not abuse its discretion in determining that this work, lacking any description and done twenty years before a case was ever brought, does not constitute work "in relation" to the instant suit.

Lastly, we decline to find the district court's refusal to enter an award for prejudgment interest on attorney's fees an abuse of discretion. Although Verdier's attorney attested to Verdier's timely payment of his legal bills, Verdier provided the district court with no further information as to *when* he paid those bills. As the magistrate judge assigned to Verdier's motion aptly observed, "even if this Court were inclined to grant prejudgment interest on these

7

fees, it would be impossible for the court to determine the date from which the interest should be calculated." SPA 33.

We have considered Verdier's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8