232 F.3d 321 (2nd Cir. 2000)
 DARREN MCCALL, GARY SICKLER, Plaintiffs,
ANGEL HERRERA, Plaintiff-Appellant, v.
GEORGE E. PATAKI, Governor New York State; GLENN S. GOORD, Commissioner of the Department of Correctional Services; ALL COMMISSIONERS OF THE NEW YORK BOARD OF PAROLE, Defendants-Appellees.
 Docket No. 00-92
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Submitted: November 7, 2000
Decided: November 16, 2000
 
 Appeal from a judgment of the United States District Court for the Northern District of New York, Lawrence E. Kahn, Judge, dismissing complaint pursuant to Local Court Rule 7.1(b)(3) for plaintiff's failure to respond to defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).
 Affirmed on the ground that the complaint failed to state a claim on which relief can be granted.
 ANGEL HERRERA, Malone, N.Y., Plaintiff-Appellant pro se.
 ELIOT SPITZER, Attorney General of the State of NewYork, Albany, N.Y. (Nancy A. Spiegel, Assistant Solicitor General, Peter H. Schiff, Senior Counsel, Marlene O. Tuczinski, Assistant Solicitor General, of counsel), for Defendants-Appellees.
 Before: KEARSE, McLAUGHLIN, and STRAUB, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Plaintiff pro se Angel Herrera, a New York State prisoner, appeals from a final judgment of the United States District Court for the Northern District of New York, Lawrence E. Kahn, Judge, dismissing his complaint pursuant to Rule 7.1(b)(3) of the court's Local Rules on the ground that Herrera failed to respond to defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, Herrera contends principally that he had no notice that his complaint might be dismissed for failure to respond to the motion and that his complaint stated a cause of action. Defendants seek affirmance solely on the ground that the complaint failed to state a claim on which relief can be granted. We agree with defendants.
 
 
 2
 Preliminarily, we note that Herrera purported to file his complaint and his notice of appeal not only on behalf of himself but also on behalf of two other named plaintiffs. A pro se litigant, however, is not empowered to proceed on behalf of anyone other than himself. See, e.g., 28 U.S.C. §1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). We thus address the merits of the matter as an individual action.
 
 
 3
 We have held with respect to a motion pursuant to Fed. R. Civ. P. 12(c) to dismiss an action on the basis of the pleadings, that "[w]here ... the pleadings are themselves sufficient to withstand dismissal, a failure to respond to a 12(c) motion cannot constitute 'default' justifying dismissal of the complaint." Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983). The same principle is applicable to a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss an action on the basis of the complaint alone. Such motions assume the truth of a pleading's factual allegations and test only its legal sufficiency. See, e.g., De Jesus v. Sears, Roebuck & Co., Inc. 87 F.3d 65, 69 (2d Cir. 1996). Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.
 
 
 4
 The district court in the present case did not address the merits of defendants' Rule 12(b)(6) motion and appears to have dismissed the complaint solely on the ground that Herrera did not respond to the motion. Dismissal on that basis was error. This Court, however, is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." Leecan v. Lopes, 893 F.2d 1434, 1439 (2d Cir.), cert. denied, 496 U.S. 929 (1990); see Headley v. Tilghman, 53 F.3d 472, 476 (2d Cir.), cert. denied, 516 U.S. 877 (1995). Accordingly, we turn to the question of whether Herrera's complaint stated a claim on which relief can be granted.
 
 
 5
 The essence of the complaint, brought under 42 U.S.C. §§1983, 1985, and 1986 (1994), was that in hearings before the New York State Parole Board, Herrera (a) was forced, in order to be approved for parole, "to indicate that [he] committed the crimes for which [he had been] accused ... and sentenced," (b) was not afforded the assistance of counsel, and (c) was not advised of his Miranda rights or warned against self-incrimination (Herrera brief on appeal at4). These assertions do not state a claim on which relief can be granted. Because Herrera had already been convicted and sentenced with respect to the crime of which he was asked to speak, he had no right to refuse to answer on the ground of self-incrimination, see, e.g., Mitchell v. United States, 526 U.S. 314, 326 (1999) (in "cases in which the sentence has been fixed and the judgment of conviction has become final," "there is no further incrimination to be feared," and thus "there is no basis for assertion of the privilege"). Herrera's contention that he did not plead guilty to his offense but rather was convicted by a jury does not alter this principle. Cf. LaMagna v. United States, 646 F.2d 775, 778 (2d Cir.) (plea of guilty and jury verdict are equally conclusive of guilt), cert. denied, 454 U.S. 898 (1981). Further, Herrera could not be prosecuted again for the same crime, see, e.g., U.S. Const. amend.V; and in the absence of a prosecution he was not entitled to counsel, see, e.g., U.S. Const. amend.VI; Powell v. Alabama, 287 U.S. 45 (1932). Accordingly, the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), applicable in other circumstances, were inapplicable here. Accord Young v. United States Parole Commission, 682 F.2d 1105, 1111 (5th Cir. 1982) ("Miranda is ... inapplicable to parole release proceedings."). Given these principles, it is clear as a matter of law that the questioning of which Herrera complained did not violate his rights, and that he could prove no set of facts in support of his claims that would entitle him to relief, see, e.g., Haines v. Kerner, 404 U.S. 519, 521 (1972); Conley v. Gibson, 355 U.S. 41, 45 46 (1957).
 
 
 6
 We have considered all of Herrera's contentions on this appeal. Although, for the reasons stated above, the complaint should not have been dismissed for Herrera's failure to respond to defendants' Rule 12(b)(6) motion, that error provides no basis for reversal because the complaint failed to state a claim on which relief can be granted.
 
 
 7
 The judgment dismissing the complaint is affirmed.