12-3035; 12-3300
Abramson; Loucks v. Middle Co. Sch. Dist. No. 11

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of June, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> CHRISTOPHER F. DRONEY,
> > <u>Circuit Judge</u>,
> JOHN F. KEENAN,
> > <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - -X

PHYLLIS ABRAMSON, KAYE PINE,

> <u>Plaintiffs-Appellants</u>,

> -v.-                                    12-3035

BOARD OF EDUCATION OF MIDDLE COUNTRY
SCHOOL DISTRICT NO. 11,

> <u>Defendant-Appellee</u>.

[*] The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

```
- - - - - - - - - - - - - - - - - - - -X
MARGARET R. LOUCKS,

          Plaintiff-Appellant,

          -v.-                                  12-3300

MIDDLE COUNTRY SCHOOL DISTRICT NO.
11,

          Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -X
```

**FOR APPELLANTS:**        DAVID M. LIRA, Garden City, NY.

**FOR APPELLEE:**        STEVEN C. STERN, Sokoloff Stern LLP, Carle Place, NY.

Appeals from judgments of the United States District Court for the Eastern District of New York (Bianco, <u>J.</u>, and Feuerstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments are **AFFIRMED**.

Plaintiffs-appellants Phyllis Abramson and Kaye Pine appeal from the judgment granting the School District's motion to dismiss. Plaintiff-appellant Margaret Loucks appeals from the judgment granting the School District's motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.

"We review a district court's grant of a motion to dismiss or for summary judgment <u>de novo</u>, accepting the plaintiff's allegations as true when considering the motion to dismiss, and drawing all factual inferences in favor of the non-moving party for purposes of summary judgment." <u>Tindall v. Poultney High Sch. Dist.</u>, 414 F.3d 281, 283 (2d Cir. 2005).

These cases are controlled by <u>Auerbach v. Board of Education of the Harborfields Central School District</u>, 136 F.3d 104, 107 (2d Cir. 1998), which interpreted the Age Discrimination in Employment Act's ("ADEA's") safe harbor provision for retirement incentives.[1]  The Court held that a retirement incentive plan is consistent with the ADEA if it "(1) is truly voluntary, (2) is made available for a reasonable period of time, and (3) does not arbitrarily discriminate on the basis of age."  <u>Id.</u> at 112-13.

The School District's retirement incentive plan is almost identical to the one at issue in <u>Auerbach</u>, and easily passes its three-part test.  The incentive was plainly voluntary; all three of the employees here independently chose *not* to accept.  It was available for a reasonable amount of time; the employees had until February 1 in their final year of service to make their retirement election--a full month more than the teachers had in <u>Auerbach</u>.  <u>See</u> <u>id.</u> at 113.  Finally, the provision does not enable arbitrary discrimination.  Every employee who had worked the minimum number of years required under the plan was given the opportunity to accept the incentive, and employees who chose to decline (like the plaintiffs) were able to "continue to work as valued employees in the School District without any corresponding loss of benefits or job status."  <u>Id.</u>

Although Abramson and Pine's suit was dismissed for separate reasons related to the exhaustion of the relevant statute of limitations, we need not consider those issues here.  The Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied."  <u>McCall v. Pataki</u>, 232 F.3d 321, 323 (2d Cir. 2000) (internal quotation marks omitted).  Abramson and Pine's counsel conceded at oral argument that a ruling that the School District's retirement incentive was valid under the ADEA would foreclose their case.  We agree.

---

[1] The provision provides that "it shall not be unlawful for an employer, employment agency, or labor organization . . . (B) to observe the terms of a bona fide employee benefit plan-- . . . (ii) that is a voluntary early retirement incentive plan consistent with the relevant purpose or purposes of this chapter." 29 U.S.C. § 623(f)(2).

3

We have considered all of the employees' remaining arguments and find them to be without merit.  Accordingly, the judgments of the district courts are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk