William CRENSHAW, Plaintiff,

v.

Sgt. DONDREA, Monroe County Sheriff's Deputy, Defendant.

17–CV–6399

United States District Court, W.D. New York.

Signed 10/03/2017

William Crenshaw Rochester, NY, pro se.

Matthew D. Brown Rochester, NY, for Defendant.

## DECISION & ORDER

DAVID G. LARIMER, United States District Judge

Plaintiff William Crenshaw commenced this action *pro se* in New York state court on or about March 30, 2017, asserting claims under 42 U.S.C. § 1983. Plaintiff alleged that he was then confined in the Monroe County (New York) Jail ("Jail"), and his claims were brought against Monroe County Sheriffs Deputy Sergeant Dondrea, based on events that allegedly occurred at the Jail in 2016. *See* Dkt. # 2.[1]

1. While plaintiff's handwriting is not always easy to read, it seems that the defendant's surname may be Dandrea, but it appears in the record as Dondrea, and the Court will use that spelling throughout this decision.

Defendant removed the action to this Court on June 20, 2017, based on the Court's original jurisdiction under 28 U.S.C. § 1441. On June 22, 2017, defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's certificate of service (Dkt. # 4-3) indicated that copies of the notice of removal and the motion to dismiss had been mailed to plaintiff at an address on Liberty Pole Way in Rochester. Plaintiff had listed that as his address in a document filed with the state court on or about May 15, 2017 (Dkt. # 2 at 13), and that was his address of record in this case.

On June 23, 2017, the Court issued a text order (Dkt. # 5) giving plaintiff until July 24, 2017 to respond to defendant's motion to dismiss. The hard copy mailed to plaintiff at his Liberty Pole Way address was returned as undeliverable. (Dkt. # 6.)

In a letter dated August 24, 2017 (Ex. A), defendant's attorney states that plaintiff "recently visited [his] office and provided [him] with an updated address" on Alexander Street in Rochester. The attorney therefore re-mailed the removal notice, motion to dismiss, and related documents, to plaintiff at that address. Plaintiff has still not responded to defendant's motion, nor has he contacted the Court since then.

Under the Local Rules of this district, litigants, whether they are represented by an attorney or proceeding *pro se*, have an obligation to keep the Court and opposing parties apprised at all times of their mailing address or contact information. Under Local Rule of Civil Procedure 5.2(d), a "[f]ailure to do so may result in dismissal of the case with prejudice."

At the same time, a plaintiff's failure to respond to a motion to dismiss does not relieve the Court of its obligation to consider the merits of plaintiff's claims. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). The Court must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

Arguably, then, the Court could simply dismiss the complaint, based on plaintiff's failure to keep the Court informed of his current address. I find it unnecessary to do so, however, since plaintiff's claims plainly fail on the merits.

Plaintiff alleges that Dondrea "refuse[d] to give plaintiff a grievance to file" when plaintiff wanted to file a grievance concerning the Jail grievance office's alleged failure to timely respond to an earlier grievance that he had filed. (Dkt. # 2 ¶ 10.) Apparently plaintiff later filed a grievance against Dondrea arising out of her alleged refusal to provide him with a grievance form, and she responded to that grievance. (Dkt. # 2 ¶ 12.)

In his complaint, plaintiff alleges that Dondrea's actions violated his rights under the First and Fifth Amendments to the United States Constitution. Specifically, plaintiff asserts that Dondrea retaliated against him for having filed grievances in the past, that she denied him his constitutional right to petition the government, and that she denied him his right to procedural due process.

The Court analyzes those claims under the well-established standards for motions to dismiss under Rule 12(b)(6), under which the court must assume the truth of plaintiff's factual allegations, and

determine whether those allegations, if true, state a cognizable claim. *USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namibia*, 681 F.3d 103, 105 n.4 (2d Cir. 2012). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Where a plaintiff is proceeding *pro se*, the Court must construe the complaint liberally and "interpret [it] to raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

■ Applying those standards here, I conclude that plaintiff's complaint does not state a facially valid claim, and that it must be dismissed. With respect to plaintiff's due process claim, as this Court stated in an earlier case involving this same plaintiff, "the law is clear that plaintiff has no constitutional right to have his grievances processed at all, or if processed, to have the procedure done properly." *Crenshaw v. Hartman*, 681 F.Supp.2d 412, 416 (W.D.N.Y. 2010) (quoting *Avent v. Doe*, No. 9:05-CV-1311, 2008 WL 877176, at *8 (N.D.N.Y. Mar. 31, 2008)). *See also Shell v. Brzezniak*, 365 F.Supp.2d 362, 369–70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution. and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim").

■ To state a First Amendment retaliation claim, the plaintiff must allege facts which, if true, would show that (1) he engaged in constitutionally protected activity; (2) the defendant took adverse action

against him; and (3) there was a causal connection between the protected activity and the adverse action. *See Espinal v. Goord*, 554 F.3d 216, 227 (2d Cir. 2009). An adverse action is "conduct that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (internal quotation marks omitted). Courts generally approach prisoner retaliation claims "with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official-even those otherwise not rising to the level of a constitutional violation-can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (internal quotation marks omitted)

■ An inmate's filing of a grievance is protected activity. *See Washington v. Afify*, 968 F.Supp.2d 532, 543 (W.D.N.Y. 2013) (citing *Coleman v. Beale*, 636 F.Supp.2d 207, 211 (W.D.N.Y. 2009)). Plaintiff's claim in this case, however, fails on the second prong, because his allegations, even if true, would not support a finding that Dondrea took adverse action against him.

■ "The refusal to file a single grievance is, without more, insufficient to constitute an adverse action. A refusal to file a single grievance is not the kind [of] retaliatory act which [would] deter a prisoner of 'ordinary firmness' from filing other grievances." *Ross v. Westchester County Jail*, No. 10 Civ. 3937, 2012 WL 86467, at *8 (S.D.N.Y. Jan. 11, 2012) (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)). *See also Williams v. Cutler*, No. 14-cv-539, 2016 WL 6651301, at *3 (D.Me. Nov. 10, 2016) (concluding that "the denial of a single grievance is de minimis") (citing cases). That is all that allegedly occurred here.[2]

---

**2.** Although the "person of ordinary firmness" inquiry is to be decided under an objective,

Nor can plaintiff show that Dondrea violated his First Amendment right to petition the government for the redress of grievances. "[I]nterference with an inmate's attempt to file a grievance will not give rise to a constitutional claim" under this theory, "absent a showing that the defendants' actions in that regard resulted in actual prejudice to the inmate's pursuit of a legal action." *Abney v. Jopp*, 655 F.Supp.2d 231, 234 (W.D.N.Y. 2009). *See also Mills v. Luplow*, No. 04-CV-00005, 2009 WL 2606240, at *24 (W.D.N.Y. Mar. 31, 2009) (dismissing prisoner's claim that officers "denied him access to the Genesee County Jail's grievance procedure by denying him access to grievance forms," where plaintiff "failed to establish that defendants' alleged refusal to process his grievances resulted in some prejudice to his filing a nonfrivolous legal action"); *accord Harnett v. Barr*, 538 F.Supp.2d 511, 522 (N.D.N.Y. 2008); *Johnson v. New York City Dep't of Health*, No. 06 Civ. 13699, 2008 WL 5378124, at *3 (S.D.N.Y. Dec. 22, 2008). Plaintiff has alleged no such facts here.

## CONCLUSION

Defendant's motion to dismiss the complaint (Dkt. # 4) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

rather than subjective standard, it is also worth noting that plaintiff, who is no stranger to the prison grievance system or the judicial system (as well evidenced by the number of cases he has filed in this Court), was in no way dissuaded or deterred by Dondrea's actions from filing further grievances.

I also note that according to the complaint, Dondrea responded to plaintiff's later grievance against her, by explaining that she did not refuse to allow him to file a grievance, and that the dispute stemmed from an apparent misunderstanding or disagreement about whether plaintiff should file a new grievance, or supplement his pending grievance. (Dkt # 2 at 7, ¶ 12). For purposes of the motion to dismiss, the Court does not give any credence to those statements, but simply notes that plaintiff does not allege that Dondrea ever said anything indicative of retaliatory intent.