17-2989-cr
*United States v. Scanlon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *District Judge*.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          17-2989-cr

CHRISTOPHER JOSEPH SCANLON,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:           BARCLAY T. JOHNSON, Assistant Federal Defender, *for* Michael L. Desautels, Federal Public Defender for the District of Vermont, Burlington, Vermont.

---

* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                                    BARBARA A. MASTERSON (Gregory L. Waples, *on the brief*), *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Christopher Joseph Scanlon ("Scanlon") appeals from a judgment of the United States District Court for the District of Vermont, dated September 6, 2017, sentencing him to 8 months' imprisonment and 10 years of supervised release following his guilty plea to one count of accessing child pornography with intent to view, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). *See* Joint Appendix ("J.A.") 327-29. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we note only to the extent necessary to explain our decision.

Scanlon pled guilty following the denial of his motion to suppress on April 26, 2017. That motion is the focus of his appeal. His case arose out of evidence gathered under the auspices of the same warrant that is the subject of our simultaneously-issued opinion in *United States v. Eldred*, which involved the use of a search program called a Network Investigative Technique ("NIT") by the government to circumvent the anonymizing features of the dark web for registered users of a child pornography site known as "Playpen." *See* Slip Op. at 2-3, No. 17-3367-cr (2d Cir. Aug. 5, 2019).

\*      \*      \*

"On appeal from a district court's ruling on a motion to suppress, we review the court's factual findings for clear error." *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015).

"We review the court's legal determinations, including . . . the good faith of officers relying on a search warrant, de novo." *Id.* In reviewing a district court decision, this Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990)).

Scanlon spends much of his briefing arguing that the warrant used by the government to deploy the NIT (the "NIT Warrant") violated both Federal Rule of Criminal Procedure 41(b) and the Federal Magistrates Act, *see* 28 U.S.C. § 636(a). Because of these violations, according to Scanlon, his constitutional rights were violated, and he suffered prejudice. As in *Eldred*, however, we see no need to consider whether the NIT warrant violated either Federal Rules of Criminal Procedure or the territorial restrictions of the Federal Magistrates Act. Even assuming, *arguendo*, that there was such a violation—and that the violation was of constitutional significance—suppression of evidence is not a "necessary consequence of a Fourth Amendment violation." *Herring v. United States*, 555 U.S. 135, 141 (2009). On the contrary, "[w]here suppression fails to yield appreciable deterrence, exclusion is clearly . . . unwarranted." *Davis v. United States*, 564 U.S. 229, 237 (2011) (internal quotation marks omitted). "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful . . . the deterrence rationale loses much of its force, and exclusion cannot pay its way." *Id.* at 238 (internal quotation marks omitted) (alteration in original).

For the same reasons we expounded upon in *Eldred*, we uphold the district court's decision to deny suppression of the evidence collected pursuant to the NIT Warrant because we conclude the good faith doctrine applies. As noted in that opinion, we make no categorical exception to the good faith doctrine for allegedly void *ab initio* warrants, as the good faith

doctrine does not punish law enforcement for the errors of magistrates. *See Eldred*, Slip Op. at 26 ("Even assuming, *arguendo*, that statutory or rule limitations on a magistrate judge's jurisdiction also rise to the level of independent constitutional requirements, we see no reason to treat a magistrate judge's non-compliance with these requirements differently than non-compliance with a fundamental Fourth Amendment constraint on the issuance of warrants, such as probable cause."). Similarly, we disagree with Scanlon that the actions taken by law enforcement in this case evince anything but a laudable attempt to receive advice from counsel and the courts in a situation in which existing law did not clearly map on to new circumstances. *See id.* at 23-24 (quoting *United States v. McLamb*, 880 F.3d 685, 691 (4th Cir. 2018)); *see also United States v. Levin,* 874 F.3d 316, 323 (1st Cir. 2017).

We have considered Scanlon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk