17-3154-cr
*United States v. Allen*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *District Judge.**

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    17-3154-cr

TIMOTHY ALLEN,

> *Defendant-Appellant*.

_____


For Defendant-Appellant:          JAMES P. MAGUIRE, Assistant Federal Defender, *for* Terry S. Ward, Federal Public Defender for the District of Connecticut, New Haven, Connecticut.

---

* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                              JACABED RODRIGUEZ-COSS (Marc H. Silverman, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Timothy Allen ("Allen") appeals from a judgment of the United States District Court for the District of Connecticut, filed September 25, 2017, sentencing him to 24 months' imprisonment and 5 years of supervised release following his guilty plea to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* Joint Appendix ("J.A.") 497. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we note only to the extent necessary to explain our decision.

Allen pled guilty following the denial of his motion to suppress on March 8, 2017. That motion is the focus of his appeal. His case arose out of evidence gathered under the auspices of the same warrant that is the subject of our simultaneously-filed opinion in *United States v. Eldred*, which involved the use of a search program called a Network Investigative Technique ("NIT") by the government to circumvent the anonymizing features of the dark web for registered users of a child pornography site known as "Playpen." *See* Slip Op. at 2-3, No. 17-3367-cr (2d Cir. Aug 5, 2019).

*        *        *

"On appeal from a district court's ruling on a motion to suppress, we review the court's factual findings for clear error." *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015).

2

"We review the court's legal determinations . . . de novo."  *Id.*  In reviewing a district court decision, this Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (quoting *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990)).

**Probable Cause**

At the time Allen visited Playpen, the website's logo was not identical to the logo that the FBI had presented in the warrant application submitted to the magistrate judge.  Allen first argues that this change constituted new information that needed to be presented to the magistrate and that, considered in light of this new information, the warrant application to deploy the NIT (the "NIT warrant") lacked probable cause.  We disagree.  In order "[t]o suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the issuing judge's probable cause finding."  *United States v. Canfield*, 212 F.3d 713, 717-18 (2d Cir. 2000) (internal quotation marks and brackets omitted).  To determine whether "the false information was necessary to the issuing judge's probable cause determination, *i.e.*, material, a court should disregard the allegedly false statements and determine whether the remaining portions of the affidavit would support probable cause to issue the warrant."  *Id.* at 718 (internal quotation marks omitted).

Even assuming, *arguendo*, that law enforcement agents deliberately did not tell the magistrate judge that the website's logo had changed, this change cannot be deemed material to the magistrate's finding of probable cause.  First, while the logo submitted with the warrant application depicted two young girls, the new logo, also depicting one young girl posed, as the

3

district court described it, "in a sexual manner," J.A. 468, hardly suggests that Playpen was *not* devoted to child pornography. Moreover, the additional indicia supporting probable cause did not change: (1) the site's suggestive name, "Playpen"; (2) the texts near the logo, which the NIT affiant explained were terms of art on sites such as these; (3) the fact that Playpen was a hidden service on Tor, and thus could not be accessed absent affirmative steps by users, likely reflecting knowledge of the sort of information the website contained; and (4) the site's registration notice, which emphasized anonymity and the inability of anyone, even the site's administrators, to see who accessed it. As the district court aptly observed, "Playpen's major defining characteristics, as described by the FBI agent in his search warrant affidavit, remained the same." *Id.*

## Good Faith

Next, Allen argues that the warrant was issued in violation of both statutory and rule constraints on the magistrate judge's authority, that its issuance was a violation of his constitutional rights, and that it cannot be saved by application of the good faith exception. As in *Eldred*, we see no need to consider whether the NIT warrant violated either Federal Rule of Criminal Procedure 41(b), or the territorial restrictions of the Federal Magistrates Act, *see* 28 U.S.C. § 636(a). Even assuming, *arguendo*, that there was such a violation—and that the violation was of constitutional significance—suppression of evidence is not a "necessary consequence of a Fourth Amendment violation." *Herring v. United States*, 555 U.S. 135, 141 (2009). On the contrary, "[w]here suppression fails to yield appreciable deterrence, exclusion is clearly . . . unwarranted." *Davis v. United States*, 564 U.S. 229, 237 (2011) (internal quotation marks omitted). "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful . . . the deterrence rationale loses much of its force, and exclusion cannot pay its way." *Id.* at 238 (internal quotation marks omitted) (alteration in original).

4

For the same reasons we expounded upon in *Eldred*, we uphold the district court's decision to deny suppression of the evidence collected pursuant to the NIT Warrant because we conclude the good faith doctrine applies. As noted in that opinion, we decline to make any categorical exception to the good faith doctrine for warrants that are allegedly void *ab initio*, as the good faith doctrine does not punish law enforcement for the errors of magistrates. *See Eldred*, Slip Op. at 26 ("Even assuming, *arguendo*, that statutory or rule limitations on a magistrate judge's jurisdiction also rise to the level of independent constitutional requirements, we see no reason to treat a magistrate judge's non-compliance with these requirements differently than non-compliance with a fundamental Fourth Amendment constraint on the issuance of warrants, such as probable cause."). And to the extent Allen suggests the district court inappropriately put the burden on him to prove *bad* faith, on *de novo* review we conclude the government proved the "objective reasonableness of [its] officers' good faith reliance." *United States v. Clark*, 638 F.3d 89, 100 (2d Cir. 2011). When faced with the difficult problem of applying existing law to new circumstances, the government turned to the courts for guidance, something we see "no benefit in deterring." *See Eldred*, Slip Op. at 24 (quoting *United States v. Levin*, 874 F.3d 316, 323 (1st Cir. 2017)).

We have considered Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5