20-118; 20-850
*Plymouth Venture Partners, II, L.P. v. GTR Source, LLC; Cap. Merch. Servs., LLC*

# United States Court of Appeals
# For the Second Circuit

August Term 2020

Argued:  February 4, 2021
Decided:  October 27, 2022

Nos. 20-118, 20-850

PLYMOUTH VENTURE PARTNERS, II, L.P., PLYMOUTH
MANAGEMENT COMPANY, in their capacities as receivers
for FUTURENET GROUP, INC.,

*Plaintiffs-Appellants*,

*v.*

GTR SOURCE, LLC, STEPHEN W. BIEGEL, in his capacity as
NEW YORK CITY MARSHAL, Badge No. 27,

*Defendants-Appellees*.[*]

Appeal from the United States District Court
for the Southern District of New York
No. 19-cv-1471, John G. Koeltl, *Judge*.

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

PLYMOUTH VENTURE PARTNERS, II, L.P., PLYMOUTH
MANAGEMENT COMPANY, in their capacities as receivers
for FUTURENET GROUP, INC.,

*Plaintiffs-Appellants*,

*v.*

CAPITAL MERCHANT SERVICES, LLC,

*Defendant-Appellee*.

---

Appeal from the United States District Court
for the Southern District of New York
No. 19-cv-904, Katherine Polk Failla, *Judge*.

---

Before:  WALKER, SACK, and SULLIVAN, *Circuit Judges*.

Basil Simon, as receiver for debtor FutureNet Group, Inc., sued FutureNet's judgment creditors – GTR Source, LLC ("GTR") and Capital Merchant Services, LLC ("CMS") – and the New York City Marshal for allegedly violating New York's procedural rules when they executed state-court judgments against FutureNet. In the action against GTR and the Marshal, the district court (Koeltl, *J.*) dismissed Simon's claims, concluding principally that FutureNet would not suffer any injury even if the executions and levies were procedurally defective, since the seized property was used to satisfy valid underlying judgments. In a similar action against CMS, the district court (Failla, *J.*) dismissed the suit based on issue preclusion, finding that Simon's claims hinged on the same question of law at the heart of the GTR case. The district court also held that, absent preclusion, dismissal was appropriate because FutureNet suffered no damages. Simon was subsequently replaced by two of FutureNet's senior creditors, Plymouth Venture Partners, II, L.P. and Plymouth Management Company, which now challenge both district-court decisions. On appeal, we rejected GTR's argument that we lacked jurisdiction under the *Rooker-Feldman* doctrine and found that the district court erred in dismissing the CMS case based on issue preclusion. We nevertheless reserved decision and certified two questions to the New York Court of Appeals:

(1) whether a judgment debtor suffers cognizable damages in tort when its property is seized pursuant to a levy by service of execution that does not comply with the procedural requirements of the New York Civil Practice Law and Rules ("CPLR") 5232(a), even though the seized property is applied to a valid money judgment; and, if so

(2) whether the judgment debtor can, under these circumstances, bring a tort claim against either the judgment creditor or the marshal without first seeking relief under CPLR 5240.

Now guided by the New York Court of Appeals's decision that Article 52 of the CPLR is a judgment debtor's exclusive avenue for relief from a procedurally defective execution and levy, we **AFFIRM** the district courts' judgments dismissing Plaintiffs' actions.

AFFIRMED.

SHANE R. HESKIN, White and Williams LLP, New York, NY, *for Plaintiffs-Appellants Plymouth Venture Partners, II, L.P. and Plymouth Management Company, in their capacities as receivers for FutureNet Group, Inc.*

RYAN K. CUMMINGS (James Zawodzinski, Jr., *on the brief*), Hodgson Russ LLP, Buffalo, NY, *for Defendant-Appellee GTR Source, LLC.*

ANDREW P. SCHRIEVER (Troy D. Lipp, *on the brief*), Cuddy & Feder LLP, White Plains, NY, *for Defendant-Appellee Stephen W. Biegel, in his capacity as New York City Marshal, Badge No. 27.*

CHRISTOPHER R. MURRAY, Stein Adler Dabah & Zelkowitz, LLP, New York, NY, *for Defendant-Appellee Capital Merchant Services, LLC.*

RICHARD J. SULLIVAN, *Circuit Judge*:

Basil Simon, as receiver for debtor FutureNet Group, Inc., sued FutureNet's judgment creditors – GTR Source, LLC ("GTR") and Capital Merchant Services, LLC ("CMS") – and the New York City Marshal for allegedly violating New York's procedural rules when they executed state-court judgments against FutureNet. In the action against GTR and the Marshal, the district court (Koeltl, *J.*) dismissed Simon's claims, concluding principally that FutureNet would not suffer any injury even if the executions and levies were procedurally defective, since the seized property was used to satisfy valid underlying judgments. In a similar action against CMS, the district court (Failla, *J.*) dismissed the suit based on issue preclusion, finding that Simon's claims hinged on the same question of law at the heart of the GTR case. The district court also held that, absent preclusion, dismissal was appropriate because FutureNet suffered no damages, since the funds were taken pursuant to a valid judgment. Simon was subsequently replaced by two of FutureNet's senior creditors, Plymouth Venture Partners, II, L.P. and Plymouth Management Company, which now challenge both district-court decisions. On appeal, we rejected GTR's argument that we lacked jurisdiction under the *Rooker-Feldman* doctrine and found that the district court erred in

dismissing the CMS case based on issue preclusion. *See Plymouth Venture Partners, II, L.P. v. GTR Source, LLC* (*Plymouth I*), 988 F.3d 634, 641–42 (2d Cir. 2021). But because the crux of Defendants' defense – that FutureNet suffered no damages from the executions and levies, since the underlying money judgments were valid, and that FutureNet's sole remedy was to seek relief under Article 52 of the New York Civil Practice Law and Rules ("CPLR"), which it failed to do – presented unresolved issues of New York law, we certified two questions to the New York Court of Appeals:

(1) whether a judgment debtor suffers cognizable damages in tort when its property is seized pursuant to a levy by service of execution that does not comply with the procedural requirements of CPLR 5232(a), even though the seized property is applied to a valid money judgment; and, if so

(2) whether the judgment debtor can, under these circumstances, bring a tort claim against either the judgment creditor or the marshal without first seeking relief under CPLR 5240.

*See id.* at 645.

The New York Court of Appeals graciously accepted certification, *see Plymouth Venture Partners, II, L.P. v. GTR Source, LLC* (*Plymouth II*), 36 N.Y.3d 1077 (2021), and advised us that Article 52 of the CPLR is a judgment debtor's exclusive avenue for relief from a procedurally defective execution and levy, *see Plymouth Venture Partners, II, L.P. v. GTR Source, LLC* (*Plymouth III*), 37 N.Y.3d 591 (2021).

5

Now, with the benefit of that decision, we conclude that FutureNet's claims against Defendants failed under New York law because FutureNet did not seek relief under Article 52 of the CPLR. We therefore **AFFIRM** the district courts' judgments dismissing Plaintiffs' actions.

## I. BACKGROUND

The facts and initial procedural history of this case are set forth in our first opinion in these appeals, and we recount them only as relevant here. *See Plymouth I*, 988 F.3d at 637–40. FutureNet is a corporation that provides infrastructure services to governments and commercial customers. GTR and CMS are both merchant cash-advance businesses that advanced cash to FutureNet in 2017 in exchange for daily withdrawals from FutureNet's account at Comerica Bank.

Beginning in February 2018, FutureNet was unable to meet its daily payment obligations, which led GTR and CMS to declare defaults and, ultimately, obtain judgments against FutureNet in New York state court. GTR and CMS thereafter began a series of collection efforts, including directing Comerica not to transfer FutureNet's funds and requesting the Marshal and Rockland County Sheriff to levy on FutureNet's Comerica account by serving notices of execution

6

on Comerica's registered agent in New York, Corporate Creations Network, Inc.

Comerica complied with the levies by debiting FutureNet's account and issuing

checks to the Marshal and Sheriff, who then remitted funds to GTR and CMS.

Following these seizures from FutureNet's bank account, a state court in

Michigan – where FutureNet was incorporated and headquartered – appointed

Basil Simon as the receiver overseeing FutureNet's assets. Simon thereafter filed

a motion in New York state court to vacate GTR's judgment, which was denied by

the court on jurisdictional and procedural grounds. *See generally GTR Source, LLC

v. FutureNet Grp., Inc.*, 89 N.Y.S.3d 528 (Sup. Ct. Orange Cnty. 2018). In February

2019, Simon commenced a federal action in the Southern District of New York,

arguing that GTR and the Marshal had taken possession of FutureNet's property

without authority, thereby rendering them liable in tort for wrongful execution,

conversion, and trespass to chattels. In December 2019, the district court (Koeltl, *J.*)

entered summary judgment in favor of both GTR and the Marshal on all of Simon's

claims. *See generally Simon v. GTR Source, LLC*, No. 19-cv-1471 (JGK), 2019 WL

7283279 (S.D.N.Y. Dec. 26, 2019). In particular, the district court found that

FutureNet had sustained no injury, since "[t]he debt owed by FutureNet to GTR,

which [Simon] does not dispute is a valid debt, has now been satisfied as a result

7

of the Marshal's execution and a satisfaction of judgment has been entered." *Id.* at *4.

In January 2019, Simon brought a parallel suit against CMS in the Southern District of New York, arguing that CMS's execution and levy were invalid because Corporate Creations was not a proper agent for service within the meaning of CPLR 318 and 5232(a). Following the decision in the GTR case, the district court (Failla, *J.*) dismissed this suit based on issue preclusion, finding that Simon's claims hinged on the same question of law at the heart of *GTR*. *See generally Simon v. Cap. Merch. Servs., LLC*, No. 19-cv-904 (KPF), 2020 WL 615091 (S.D.N.Y. Feb. 10, 2020). Judge Failla also agreed with Judge Koeltl that FutureNet suffered no damages because the alleged torts led to the satisfaction of valid underlying judgments. *See id.* at *11–12.

Simon was subsequently replaced by two of FutureNet's senior creditors, Plymouth Venture Partners, II, L.P. and Plymouth Management Company, which now appeal both district-court decisions.[1] Following oral argument, we rejected GTR's contention that we and the district court lack jurisdiction under the *Rooker-Feldman* doctrine; we also concluded that the district court in the CMS case

---

[1] Although the party driving these and other related actions has changed over time, we refer to these entities collectively as "FutureNet" for simplicity's sake.

wrongly dismissed FutureNet's claims based on issue preclusion. *See Plymouth I*,

988 F.3d at 641–42. We nevertheless found that these cases presented "unresolved

question[s] of New York law" that "implicate[] a host of important state interests."

*Id.* at 637. We therefore reserved decision and certified the following questions to

the New York Court of Appeals:

(1) whether a judgment debtor suffers cognizable damages in tort when its property is seized pursuant to a levy by service of execution that does not comply with the procedural requirements of CPLR 5232(a), even though the seized property is applied to a valid money judgment; and, if so

(2) whether the judgment debtor can, under these circumstances, bring a tort claim against either the judgment creditor or the marshal without first seeking relief under CPLR 5240.

*See id.* at 645. The New York Court of Appeals accepted certification, *see*

*Plymouth II*, 36 N.Y.3d at 1077, and held that "a judgment debtor's exclusive

avenue for relief under these circumstances is to bring an appropriate action

pursuant to CPLR [A]rticle 52." *Plymouth III*, 37 N.Y.3d at 595. With this guidance

from the New York Court of Appeals, the only remaining question in these appeals

is whether we should affirm the district courts' judgments dismissing FutureNet's

actions for its failure to seek relief under Article 52 of the CPLR.

9

## II. STANDARD OF REVIEW

We review the district courts' dismissal of a complaint and grant of summary judgment de novo. *See Plymouth I*, 988 F.3d at 640 (citing *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 103 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2670 (2020)) (dismissal under Rule 12(b)(6)); *ING Bank N.V. v. M/V Temara, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (summary judgment). In doing so, we may affirm the district courts' judgments on any ground that finds adequate support in the record. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (dismissal under Rule 12(b)(6)); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) (summary judgment).

## III. DISCUSSION

Answering the questions we certified in this case, the New York Court of Appeals held that "[t]here is no need [for a judgment debtor] to contort traditional tort claims to . . . recover funds used to satisfy a valid judgment based on alleged violations of [New York's] civil procedure law." *Plymouth III*, 37 N.Y.3d at 599. Instead, "[A]rticle 52 . . . is the exclusive avenue for a judgment debtor seeking relief from the use of an enforcement mechanism that does not comply with [A]rticle 52's requirements." *Id*.

10

Under Article 52, before a property is used to satisfy a valid money judgment, "any interested person may commence a special proceeding against the judgment creditor . . . to determine rights in the property." N.Y. C.P.L.R. § 5239. In that proceeding, "[t]he court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded." *Id.* Article 52 further allows the court, "at any time, on its own initiative or the motion of any interested person," to "make an order denying, limiting, conditioning, regulating, extending[,] or modifying the use of any enforcement procedure." *Id.* § 5240. The New York Court of Appeals reasoned that these provisions "provide[] courts with the ability to craft flexible and equitable responses to claims that arise with respect to enforcement of valid money judgments," *Plymouth III*, 37 N.Y.3d at 601, and observed that "empowering a judgment debtor to evade these proceedings . . . would eviscerate the purpose of [A]rticle 52," *id.* at 604.

Although FutureNet argues on appeal that it was "not required to . . . file a post-judgment motion under CPLR § 5240 . . . before commencing [these] action[s]," Reply Br. in *CMS* at 8, the New York Court of Appeals unequivocally held that a judgment debtor must "bring an appropriate action pursuant to CPLR

11

[A]rticle 52" for relief from a procedurally defective execution and levy, *Plymouth III*, 37 N.Y.3d at 595. Because FutureNet has not done so here, we affirm the district courts' judgments dismissing FutureNet's actions, which allege only common-law torts.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgments of the district courts.