23-303-cv
Vidal v. Advanced Care Staffing, LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------
BENZOR SHEM VIDAL,

*Plaintiff-Appellee,*

v.                                                          No. 23-303-cv

ADVANCED CARE STAFFING, LLC,

*Defendant-Appellant.*
------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:          DAVID N. KELLEY, O'Melveny

& Myers LLP, New York, NY (Nicolle L. Jacoby, Christopher J. Merken, Julia M. Curley, Dechert LLP, New York, NY, Proloy K. Das, Sami Asaad, Craig Thomas Dickinson, FordHarrison LLP, Hartford, CT, *on the brief*)

FOR PLAINTIFF-APPELLEE: HUGH BARAN, Kakalec Law PLLC, New York, NY (David H. Seligman, Juno Turner, Valerie Collins, Towards Justice, Denver, CO, *on the brief*)

FOR AMICUS CURIAE ACTING SECRETARY OF LABOR: Seema Nanda, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, Rachel Goldberg, Counsel for Appellate Litigation, Sarah M. Roberts, Attorney, Office of the Solicitor, U.S. Department of Labor, Washington, DC

FOR AMICUS CURIAE PUBLIC JUSTICE: Hannah M. Kieschnick, Public Justice, Oakland, CA, Leah M. Nicholls, Public Justice, Washington, DC

FOR AMICI CURIAE ADVOCATING OPPORTUNITY, ANNIE SMITH, CENTRO DE LOS DERECHOS DEL MIGRANTE, INC., CORPORATE ACCOUNTABILITY LAB, FREEDOM NETWORK USA, GLOBAL LABOR JUSTICE-INTERNATIONAL LABOR RIGHTS FORUM, HUMAN Margaret Lee, Human Trafficking Legal Center, Washington DC, Christopher M. McNerney, Outten & Golden LLP, New York, NY, Elizabeth Saylor, Richard Blum, Sumani Lanka, The Legal Aid Society, New

2

TRAFFICKING LEGAL CENTER, York, NY
LEGAL MOMENTUM, THE WOMEN'S
LEGAL DEFENSE AND EDUCATION
FUND, THE LEGAL AID SOCIETY,
LOYOLA LAW SCHOOL'S SUNITA
JAIN ANTI-TRAFFICKING INITIATIVE,
NATIONAL EMPLOYMENT LAW
PROJECT, OXFAM, THE UNIVERSITY
OF MARYLAND SUPPORT,
ADVOCACY, FREEDOM, AND
EMPOWERMENT CENTER FOR
HUMAN TRAFFICKING SURVIVORS:

Appeal from an order of the United States District Court for the Eastern

District of New York (Nina R. Morrison, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the order of the District Court is AFFIRMED and the cause

is REMANDED for further proceedings.

Defendant-Appellant Advanced Care Staffing, LLC ("ACS") appeals from

a February 24, 2023 order of the United States District Court for the Eastern

District of New York (Morrison, *J.*) granting Plaintiff-Appellee Benzor Shem

Vidal's motion for a preliminary injunction to enjoin ACS's arbitration

proceedings against him.   We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as

necessary to explain our decision to affirm and to remand for further

proceedings on the merits.

Vidal, a nurse from the Philippines, signed a contract with ACS to move to the United States and work in ACS-staffed healthcare facilities for three years. The contract contained an arbitration provision. Vidal resigned after several months, citing poor treatment and dangerous conditions. Claiming that Vidal had breached the contract, ACS initiated arbitration proceedings seeking damages. Vidal responded by filing a declaratory judgment action in federal court. In it, he claimed that the arbitration provision was unlawful and unenforceable under federal and New York state law and moved for a preliminary injunction to halt the arbitration proceedings. The District Court granted his motion and enjoined the proceedings.

We review the grant of a preliminary injunction for abuse of discretion. *Citigroup Glob. Mtks, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010). A party seeking a preliminary injunction must establish "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public

4

interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (quotation marks omitted).

In support of its preliminary injunction, the District Court found that Vidal raised sufficiently serious questions as to whether the parties had clearly and unmistakably delegated questions of arbitrability to the arbitrator. The District Court also found that even if the delegation clause was clear and unmistakable, Vidal had raised sufficiently serious questions as to its enforceability under federal and state law.

We are "free to affirm an appealed decision on any ground which finds support in the record," *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (quotation marks omitted), and do so on the ground that Vidal raised sufficiently serious questions about whether the delegation clause interferes with his ability to effectively vindicate his statutory rights under federal law and is thus unenforceable, *see Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91–92 (2000); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985). We therefore need not at this preliminary stage address Vidal's argument that the arbitration provision's "blue pencil" clause renders the delegation clause ambiguous. Appellee's Br. 24.

Consistent with *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 74 (2010) and *Gingras v. Think Finance, Inc.*, 922 F.3d 112, 126 (2d Cir. 2019), Vidal challenges both the delegation clause and the arbitration provision more broadly. Vidal's arbitration agreement includes a "loser pays" provision that entitles the prevailing party in arbitration to arbitral costs and attorneys' fees. The District Court concluded that Vidal had made a sufficient showing at the preliminary injunction stage that the costs he might incur in arbitration would "effectively preclude" him from pursuing his claims and would be prohibitively expensive. Spec. App'x 44–45 (quotation marks omitted). "[T]o even challenge the threshold issues of arbitrability before the arbitrator," the Court explained, "could cause him financial ruin," *id.* at 43–44, which he would avoid in federal court. Relying on documents that Vidal furnished in support of the preliminary injunction, the District Court determined that Vidal's monthly income was far lower than the potential arbitral costs and attorneys' fees that ACS, if it were to prevail, would likely incur to arbitrate questions of arbitrability under the delegation clause.

When confronted with the merits of this issue, several of our sister circuits have found that fee-shifting provisions in arbitration clauses may deter certain

6

plaintiffs who want to vindicate their statutory rights in arbitration. *See Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 284 (3d Cir. 2004); *see also Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 664–65 (6th Cir. 2003). Whether the "loser pays" provision undermines Vidal's ability to vindicate his rights here as a matter of either substantive federal law, *see Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 125 (2d Cir. 2010), or state law, *see Brady v. Williams Cap. Grp., L.P.*, 14 N.Y.3d 459, 467 (2010), presents a serious question of law and fact that requires more detailed findings about Vidal's finances, the potential costs of arbitration, and the possibility that Vidal will incur such costs. *See Citigroup Glob. Mkts, Inc.*, 598 F.3d at 38 ("Our [serious questions] standard accommodates the needs of the district courts in confronting motions for preliminary injunctions in factual situations that vary widely in difficulty and complexity."); *cf. Red Earth LLC v. United States*, 657 F.3d 138, 145 (2d Cir. 2011) ("Because the district court reached a reasonable conclusion on a close question of law, there is no need for us to decide the merits at this preliminary stage. We find that the district court acted within its discretion in entering the injunction here.").

On remand, ACS "retains the right to present additional evidence supporting [its] arguments at a trial of . . . [Vidal's] demand for a permanent

injunction." *Metro. Life Ins. Co. v. Bucsek*, 919 F.3d 184, 196 n.4 (2d Cir. 2019).

Because Vidal has raised sufficiently serious questions as to the narrow issue arising from the "loser pays" provision and his ability to vindicate his federal statutory rights, we do not here address whether the District Court erred in finding that Vidal demonstrated a likelihood of success on his arguments that the delegation clause violated federal human trafficking statutes, the merits of Vidal's New York state unconscionability claim, or the propriety of severability or waiver as a response to the potential unenforceability of the "loser pays" clause.

We have considered ACS's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the District Court's order granting Vidal's motion for a preliminary injunction, and REMAND for further proceedings on the merits, including whatever discovery would be appropriate in the circumstances.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court